**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 17-CV-23849-DLG**

MSP RECOVERY CLAIMS, SERIES,
LLC, a Delaware entity, and MSPA
CLAIMS 1, LLC, a Florida entity,

       Plaintiffs,

v.                            **CLASS ACTION**

ARCH INDEMNITY INSURANCE
COMPANY, a foreign profit corporation,

       Defendant.

_____/

**PLAINTIFFS' FIRST AMENDED**
**CLASS ACTION COMPLAINT FOR DAMAGES**

      Plaintiffs, MSP Recovery Claims, Series LLC, a Delaware entity, and MSPA Claims 1, LLC (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, brings this action against Arch Indemnity Insurance Company, a foreign profit corporation (hereinafter referred to as "Defendant"), and states as follows:

**INTRODUCTION**

      1.      Defendant failed to fulfill its statutorily-mandated duty under the Medicare Secondary Payer provisions of the Medicare Act to reimburse Medicare Advantage Organizations ("MAOs") for medical treatments or expenses paid by Plaintiffs and the putative Class Members ("Class Members") on behalf of Medicare beneficiaries who entered into a settlement with Defendant.

      2.      Plaintiffs assert the rights of MAOs, and their assignees, via assignment of all rights, title, and interest allowing them to bring these claims.

      3.      Plaintiffs and the putative class members provided Medicare benefits to Medicare-eligible beneficiaries enrolled under the Medicare Advantage program. Each Medicare beneficiary

1

suffered injuries related to an accident wherein Plaintiffs and the putative Class members paid for the medical items and/or services.  However, Defendant was ultimately responsible for paying those expenses in accordance with 42 U.S.C. § 1395y and corresponding regulations ("MSP Law").[1] Defendant's responsibility for such payments was demonstrated when Defendant entered into settlements with Medicare beneficiaries.

4.      This lawsuit seeks reimbursement for those medical expenses paid for by the Plaintiffs and the putative Class Members which should have been reimbursed by Defendant under the Medicare Act.

5.      As such, Plaintiffs filed this action on behalf of themselves and all other similarly situated MAOs, and their assignees, for double damages, pursuant to the Medicare Secondary Payer private cause of action, 42 U.S.C. § 1395y(b)(3)(A).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question).

7.      Venue is proper under 28 U.S.C. § 1391 in the United States District Court for the Southern District of Florida because it is the district in which the cause of action accrued.

8.      All conditions precedent to this action have occurred, been performed, or have been waived, including meeting any purported threshold amount to the extent that is applicable.

## BACKGROUND

### I.      The Medicare Act

9.      In 1965, Congress enacted the Medicare Act with the purpose of establishing a federally-funded health insurance program for the elderly and disabled.

---

[1] Each Defendant is a "primary plan" in accordance with the MSP Law. 42 U.S.C. § 1395y(b)(2)(A) (the term "primary plan" means "a group health plan or large group health plan, to the extent that clause (i) applies, and a workmen's compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan) or no-fault insurance, to the extent that clause (ii) applies.")

10.     The Medicare Act consists of five parts:  Parts A-E.  Parts A and B create, describe, and regulate traditional fee-for-service, government-administered Medicare.  *See* 42 U.S.C. §§ 1395c to 1395i–5; §§ 1395–j to 1395–w.  Under Parts A and B, Medicare provides hospital insurance and coverage for medically necessary outpatient and physician services.  42 U.S.C. § 1395w-21(a)(1)(A).  These benefits are administered on a per-fee basis, meaning Medicare pays for a beneficiary's medical needs as they arise.  The United States Centers of Medicare & Medicaid Services ("CMS") provides coverage under Parts A & B.  Part C outlines the Medicare Advantage program—described in further detail below—wherein Medicare beneficiaries may elect to use private insurers, *i.e.*, MAOs, paid for by the United States, to provide Medicare benefits.  42 U.S.C. §§ 1395w–21–29.  Part D provides for prescription drug coverage for Medicare beneficiaries, and Part E contains various miscellaneous provisions.

## II.     Medicare Secondary Payer Laws

11.     At the time of its inception, Medicare was the primary payer of medical costs. When a Medicare beneficiary was injured, the medical bill was submitted directly to Medicare, even if there was overlapping insurance coverage for that patient.  However, in an effort to reduce escalating costs, Congress altered the Medicare payment scheme in 1980 by adding the Medicare Secondary Payer ("MSP") provisions to the Medicare Act.

12.     Under the MSP provisions, codified at 42 U.S.C. § 1395y, Medicare is the "secondary payer" to all other sources of coverage.  If there is overlapping insurance coverage for a particular beneficiary, that overlapping coverage is primary, *i.e.*, it pays the medical expense first—Medicare is always secondary.

13.     A primary plan's responsibility to reimburse for Medicare's secondary payment "may be demonstrated by . . . a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii). *See also* 42 C.F.R. § 411.22(b).

3

14.     In the event a primary plan fails to properly reimburse Medicare for conditional payments made as a secondary payer, the MSP provisions allow for "a private cause of action for damages (which shall be in an amount double the amount otherwise provided)[.]" 42 U.S.C. § 1395y(b)(3)(A).

15.     Defendants are defined as "primary payers" and their policies are considered "primary plans" under the MSP provisions. *See* 42 U.S.C. § 1395y(b)(2)(A) (defining "primary plan" to include a group health plan or large group health plan … a workmen's compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan) or no-fault insurance….); 42 C.F.R. § 411.21 (same).

16.     Here, Defendant's insureds ("Tortfeasors") commited tortious acts which injured Medicare beneficiaries. Plaintiff, and other similarly situated MAOs, paid for medical items and/or services related to those injuries. When Tortfeasors and Medicare beneficiaries entered into settlements to resolve claims made against Tortfeasors Defendant indemnified its insured by making settlement payments. Such settlements triggered Defendant's obligations to make primary payment for the medical items and/or services furnished to the Medicare beneficiary.

## III.    Medicare Part C Program

17.     In 1997, Congress amended the Medicare Act and added Part C. "The congressional goal in creating the Medicare Part C option was to harness the power of private sector competition to stimulate experimentation and innovation to create a more efficient and less expensive Medicare system." D. Gary Reed, Medicare Advantage Misconceptions Abound, 27 Health Law 1, 3 (2014). Part C gives Medicare beneficiaries the option of receiving Medicare benefits through private insurers (*i.e.*, MAOs).[2]

18.     MAOs enter into a contract with CMS to administer and provide the same benefits received under traditional Medicare.  42 U.S.C. §§ 1395w-21, 1395w-23.  Pursuant to this contract,

---

[2] Originally, these plans were considered "Medicare+Choice" plans, but the Medicare Modernization Act (MMA) of 2003 renamed this service "Medicare Advantage" plans.

MAOs receive a fixed payment from CMS for each enrollee. MAOs do not issue a Medicare "insurance policy" but, rather, send out a document describing the Medicare benefits that enrollees receive. They do not pay benefits pursuant to a 'policy', but rather under a statutory framework. Thus, MAOs pay healthcare providers directly for the care received by Part C enrollees.  If the costs of this care exceed the fixed payment received from the government, the MAO assumes the risk and cost. However, if that care costs less than the fixed payment, the MAO keeps the difference as profit.  Thus, MAOs are incentivized to provide health insurance more efficiently and focus on positive health outcomes in a way that traditional fee-for-service Medicare models are not.  *See* H.R.Rep. No. 105–149, at 1251 (1997) (Part C allows "the Medicare program to utilize innovations that have helped the private market contain costs and expand health care delivery options.").

19.     To become an MAO, a private insurer must enter a bidding process, meeting certain requirements set by CMS. Additionally, in providing the basic benefits offered to traditional Medicare enrollees, MAOs must abide by coverage determinations provided by CMS and all coverage disputes between enrollees and MAOs must go through the traditional Medicare appeals process. CMS sets the fixed rate at which MAOs will be remunerated per enrollee and establishes services the MAO must provide.

20.     An enrollee's health coverage with an MAO is strictly construed and regulated by CMS. For instance, CMS creates templates that MAOs must utilize when creating documents, including among others, the evidence of coverage ("EOC"), a document that describes in detail the health care benefits covered by the health plan. CMS requires that every evidence of coverage contain the following language:

> [w]e have the right and responsibility to collect for covered Medicare services for which Medicare is not the primary payer. According to CMS regulations at 42 CFR §§ 422.108 and 423.462, [insert 2017 plan name], as a Medicare Advantage Organization, will exercise the same rights of recovery that the Secretary exercises under CMS regulations in subparts B through D of part 411 of 42 CFR and the rules established in this section supersede any State laws.

21.     The amount paid to the MAO is carefully calibrated, considering, such factors as the geographic location, age, disability status, gender, institutional status, and health status of *each*

Medicare Advantage enrollee, to ensure actuarial equivalence with the traditional Medicare fee-for-service program option. *See* 42 U.S.C. § 1395w-23(c).

22.     Currently, there are over 16 million individuals enrolled in Medicare Advantage plans nationwide. More than 37 million individuals are enrolled in Medicare prescription drug plans ("PDPs"), either on a stand-alone basis or in connection with a Medicare Advantage plan.

23.     The size and expense of the Medicare Advantage program makes it important that insurance companies, like Defendant, do not deflect their financial obligations under the MSP law onto MAOs and ultimately onto the Medicare Trust Funds.[3]

24.      Beneficiaries who receive their benefits through the traditional Medicare scheme and those who elect to receive their benefits through an MAO plan are all considered Medicare beneficiaries.  Moreover, the MSP provisions apply with equal force to MAOs.  Indeed, MAOs are specifically allowed to "exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations[.]" 42 C.F.R. § 422.108(f).

25.     The legislative history of the MSP provisions demonstrates that MAOs were intended to occupy a status analogous to that of traditional Medicare:

> [u]nder original fee-for-service, the Federal government alone set the legislative requirements regarding reimbursement, covered providers, covered benefits and services, and mechanisms for resolving coverage disputes. Therefore, the Conferees intend that this legislation provide a clear statement extending the same treatment to private [MA] plans providing Medicare benefits to Medicare beneficiaries.

H.R.Rep. No. 105–217, at 638 (1997).

26.     Part C of the Medicare Act also contains the following important provisions:

> Notwithstanding any other provision of law, a Medicare+Choice organization may (in the case of the provision of items and services to an individual under a Medicare+Choice plan under circumstances in which payment under this subchapter is made secondary pursuant to section 1395y(b)(2) of this title) charge or authorize the provider of such services to charge, in accordance with the charges allowed under a law, plan, or policy described in such section—

---

[3] Medicare is funded through two trust fund accounts held by the U.S. Treasury. https://www.cms.gov/Research-Statistics-Data-and-Systems/Statistics-Trends-and-Reports/ReportsTrustFunds/Downloads/TR2016.pdf (last visited Nov. 11, 2017).

(A) the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services, or

(B) such individual to the extent that the individual has been paid under such law, plan, or policy for such services.

42 U.S.C. § 1395w–22(a)(4).

27.     Section 1395y(a)(1)(A) of the Medicare statute states that, "no payment may be made under [the Medicare statute] for any expenses incurred for items or services which … are not **_reasonable_** and **_necessary_** for the diagnosis or treatment of illness or injury." 42 U.S.C. § 1395y(a)(1)(A) (emphasis added).

28.     Because this Section contains an express condition of payment – that is, "no payment may be made" – it explicitly links each Medicare payment to the requirement that the particular item or service be "reasonable and necessary."

29.     Once an MAO makes a payment for medical items and services on behalf of its enrollees, the payment is conclusive proof that the items and services were reasonable and necessary. 42 C.F.R. § 422.566(b).

30.     If a Medicare beneficiary or primary payer contests an MAO's right to reimbursement, the claim is construed as "arising under" the Medicare Act.  Therefore, the time limitations for contesting whether a claim is reasonable or necessary under the Medicare Act applies.

31.     In this case, Defendant failed to administratively appeal the MAOs' rights to reimbursement within the administrative remedies period on a class-wide basis. Defendant, therefore, is time-barred from challenging the propriety of reimbursements or the amounts paid.

32.     Furthermore, the MSP provisions create a private cause of action against a primary plan when the primary payer fails to pay first or does not reimburse an MAO for its payment: "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with [the requirements of the MSP Act]." § 1395y(b)(3)(A).  The provisions do not place any limitations on which private parties may bring

7

suit.

33.     The different types of reimbursement methods between health care providers, health plans and CMS contracts are crucial to understanding how the MSP laws affect the health care system as a whole. "The most common reimbursement methods under a managed care contract are fee-for-service, capitation, and risk pools."[4] CMS contracts with MAOs under a capitation system, while MAOs contract with Maintenance Service Organizations ("MSOs") and Independent Practice Associations ("IPAs") using both the capitation system and the risk pool method.

## IV.     Primary Payer Reporting Requirements

34.     In 2007, the Medicare Act was once again amended by the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA"), which aimed to improve the ability of CMS and MAOs to administer Medicare benefits.  Part of those changes specifically aimed to help CMS and MAOs identify when a Medicare beneficiary was covered by a primary insurance payer.

35.     The 2007 amendments, therefore, created an affirmative duty on primary payers, such as Defendant, to notify Medicare and MAOs when they should pay for medical expenses or be primary payers.  Specifically, Responsible Reporting Entities ("RREs"), which include insurers like the Defendant, must determine whether claimants are Medicare beneficiaries when they enter into settlement agreements with them. *See* 42 U.S.C. §§ 1395y(b)(7) and (8) (RREs shall "determine whether a claimant…is entitled to benefits under" Medicare); *see also* Section 111 NGHP User Guide, Version 5.0, Chapter 3 at *3-1.[5]

36.     The new reporting requirements affect all parties involved in the payment of a settlement, judgment, or award with a Medicare beneficiary after January 1, 2010. When reporting a case under MMSEA, an RRE must report the Medicare beneficiary's full name, Medicare Health

---

[4] David M. Humiston, *Managed Care Litigation, in* THE AMERICAN BAR ASSOCIATION, HEALTH LAW SECTION 19 (2d ed. 2013).
[5] *See* 42 C.F.R. § 411.25.

Insurance Claim Number ("HICN"), gender, date of birth, complete address, and phone number. [6] *See* Section 111 NGHP User Guide, Version 5.0, Chapter 3 at *3.

37.     Then, when CMS or an MAO receives a medical claim for payment for that identified Medicare beneficiary/insured, the claim can be cross-checked against the notification database to determine whether there is a primary payer responsible for the medical claim. Anticipating the burden of the new reporting requirements, CMS developed a "query process" whereby an RRE can determine a claimant's Medicare status electronically and without authorization. RREs can electronically query whether a particular claimant is a Medicare beneficiary and, if so, make sure to notify Medicare when they enter into a settlement with that Medicare beneficiary.

38.     An insurance company's failure to comply with these reporting requirements results in a civil money penalty of up to $1,000.00 for each day of noncompliance with respect to each claimant.  42 U.S.C. § 1395y(b)(8)(E)(i).

39.     However, compliance with these reporting requirements does not absolve the primary payer of its obligation to pay first.  The reporting requirements are separate and apart from a primary payer's obligation to pay first under the MSP provisions.  Reporting does not, itself, provide a safe harbor from making primary payments. It only avoids the imposition of civil penalties. If a primary payer was responsible to pay first, it must pay first regardless of conduct, intent, or even the primary payer's knowledge of a potential secondary payer. The obligation of a primary payer to pay first or reimburse CMS or MAOs is only discharged by making the payment.

## PARTIES

40.     MSP Recovery Claims, Series LLC is a Delaware entity with its principal place of business located at 5000 S.W. 75th Avenue, Suite 400, Miami, Florida 33155. MSP Recovery Claims, Series LLC is a citizen of the State of Florida and is not a citizen of the state of any of

---

[6] An RRE is also required to notify CMS and MAOs when the RRE has made the determination to assume responsibility for ongoing medical services or items for one of their insureds that is also a Medicare beneficiary.

the Defendant. Numerous MAOs have assigned their recovery rights wherein Plaintiff is the ultimate assignee to assert the causes of action alleged in this Complaint. Plaintiff maintains the legal right, by and through its limited liability company agreement, to sue on behalf of each of its designated series LLCs. As such, Plaintiff has the right and authority to seek reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by Defendant.

41.     Plaintiff MSPA Claims 1, LLC is a Florida entity, with its principal place of business located at 5000 S.W. 75th Avenue, Suite 400, Miami, Florida 33155. MSPA Claims 1, LLC is a citizen of the State of Florida and is not a citizen of the state of the Defendant. Numerous MAOs have assigned their recovery rights wherein Plaintiff is the ultimate assignee to assert the causes of action alleged in this Complaint. As part of those assignments, Plaintiff is empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by the Defendant.

42.     Plaintiffs may pursue and enforce all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare Part C; whether said rights arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide for the reimbursement of conditional payments made by the assignor health plans, including the right to recover claims for health care services billed on a fee-for-service basis.

43.     Defendant is an insurance company that is authorized to conduct business in the State of Florida.

<u>**STANDING**</u>

44.     Plaintiffs have standing to bring these causes of action because certain MAOs, HMOs, MSOs, and IPAs (collectively, the "assignors"), assigned their rights of reimbursement, recovery and subrogation to Plaintiffs. Plaintiffs own all of the assignors' claims for reimbursement and recovery, as well as their subrogation rights, including the right to pursue

recovery of medical claims or payments, amounts owed on unpaid bills, and expenses paid by the assignors on behalf of their beneficiaries, from entities liable as primary payers (or entities that received payment from primary payers).

45.     All of these assignments are valid and binding contracts.

46.     The underlying assignments, alleged in some detail below, allow assigned all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare Part C; whether said rights arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide for the reimbursement of conditional payments made by the assignor health plans, including the right to recover claims for health care services billed on a fee-for-service basis.

47.     On 9/21/2015, ██████████████████ entered into an agreement with MSP Recovery 15-473, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-473, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████  This assignment was made pursuant to the Series 15-09-32 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

48.     On 12/10/2015, ████████████████████ entered into an agreement with MSP Recovery 15-627, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals

of majority, of sound mind, and with legal authority to bind the respective parties.  The
assignment was entered into under Florida law.  By the terms of the contract, the parties are
required to maintain confidentiality relating to the existence of the assignment contract.  On
6/12/2017, MSP Recovery 15-627, LLC entered into an agreement with MSP Recovery Claims,
Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law
as assigned from ███████████████████████  This assignment was made
pursuant to the Series 15-12-404 agreement.  This second assignment contract was executed by
individuals of majority, of sound mind, and with legal authority to bind the respective parties.
This second assignment was entered into under Delaware law.  Consideration was given between
each party in executing these assignments.

49.     On 8/12/2015, ███████████████████████ entered into an agreement
with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under
the MSP law.  The assignment contract was executed by individuals of majority, of sound mind,
and with legal authority to bind the respective parties.  The assignment was entered into under
Florida law.  By the terms of the contract, the parties are required to maintain confidentiality
relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered
into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to
recover conditional payments under the MSP law as assigned from ██████████████
███████  This assignment was made pursuant to the Series 15-08-16 agreement.  This second
assignment contract was executed by individuals of majority, of sound mind, and with legal
authority to bind the respective parties.  This second assignment was entered into under
Delaware law.  Consideration was given between each party in executing these assignments.

50.     On 8/12/2015, ███████████████████████ entered into an
agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional
payments under the MSP law.  The assignment contract was executed by individuals of majority,
of sound mind, and with legal authority to bind the respective parties.  The assignment was
entered into under Florida law.  By the terms of the contract, the parties are required to maintain
confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP

Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████████████ This assignment was made pursuant to the Series 15-08-16 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

51.   On 12/16/2015, ████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████ This assignment was made pursuant to the Series 15-12-406 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

52.   On 3/1/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ This assignment was made pursuant to the Series 16-03-444 agreement. This second assignment

contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

53.     On 2/26/2016, ███████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Puerto Rico law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ████. This assignment was made pursuant to the Series 16-03-441 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

54.     On 2/18/2016, ███████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ███. This assignment was made pursuant to the Series 16-02-437 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

55.     On 2/4/2016, ███████████ entered into an agreement with MSP



Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████. This assignment was made pursuant to the Series 16-02-427 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

56.    On 1/19/2017, ████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████. This assignment was made pursuant to the Series 17-03-584 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

57.    On 5/2/2016, █████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Puerto Rico law. By the terms of the contract, the parties are required to maintain confidentiality relating to the

existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████.  This assignment was made pursuant to the Series 16-02-445 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

58.     On 2/22/2016, █████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████████.  This assignment was made pursuant to the Series 16-02-438 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

59.     On 11/23/2015, █████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████████. This assignment was made pursuant to the Series 15-08-24 agreement.  This second assignment

contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

60.     On 12/16/2015, ███████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ████████.  This assignment was made pursuant to the Series 15-12-407 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

61.     On 3/31/2016, ███████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 16-04-448 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

62.     On 11/23/2015, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ███████████.  This assignment was made pursuant to the Series 15-08-26 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

63.     On 8/13/2015, ███████████████ entered into an agreement with MSP Recovery 15-222, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-522, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ██████.  This assignment was made pursuant to the Series 15-09-281 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

64.     On 6/19/2017, ███████████████ entered into an agreement with MSP Recovery LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under

Massachusetts law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/20/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████. ██████████████.  This assignment was made pursuant to the Series 17-04-631 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

65.     On 10/9/2015, ██████████████ entered into an agreement with MSP Recovery 529, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 529, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████. ██.  This assignment was made pursuant to the Series 15-09-284 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

66.     On 2/26/2016, ██████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover

conditional payments under the MSP law as assigned from ████████████████. This assignment was made pursuant to the Series 16-03-442 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

67.     On 8/12/2015, █████████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ ████████████.  This assignment was made pursuant to the Series 15-08-15 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

68.     On 8/12/2015, █████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 15-08-16 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.

Consideration was given between each party in executing these assignments.

69.     On 12/10/2015, ███████████████████████ entered into an agreement with MSP Recovery 15-626, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-626, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████████.  This assignment was made pursuant to the Series 15-12-403 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

70.     On 2/4/2016, ██████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████ ██████████.  This assignment was made pursuant to the Series 16-02-433 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

71.     On 2/2/2015, ████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP

law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 16-02-429 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

72.     On 2/4/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 16-02-428 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

73.     On 4/28/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered

into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████. This assignment was made pursuant to the Series 16-05-456 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

74.     On 8/28/2015, ████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████. This assignment was made pursuant to the Series 15-08-27 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

75.     On 10/8/2015, ████████████ entered into an agreement with MSP Recovery 15-475, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery 15-475, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████. This assignment was made pursuant to the Series 15-09-273 agreement. This second assignment contract was executed by individuals of majority, of

sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

76.     On 9/14/2015, ▮▮▮▮▮▮▮▮▮▮ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ▮▮▮▮▮▮▮▮▮▮. This assignment was made pursuant to the Series 15-08-19 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

77.     On 8/11/2015, ▮▮▮▮▮▮▮▮▮▮ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ▮▮▮▮▮▮▮▮▮▮. This assignment was made pursuant to the Series 15-09-242 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

78.     On 12/10/2015, ▮▮▮▮▮▮▮▮▮▮ entered into an agreement with MSP

Recovery 15-625, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-625, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ ██.  This assignment was made pursuant to the Series 15-12-402 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

79.    On 12/10/2015, ██████████████ entered into an agreement with MSP Recovery 15-623, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-623, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████. This assignment was made pursuant to the Series 15-12-400 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

80.    On 2/18/2016, ████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality

relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████████ ██████.  This assignment was made pursuant to the Series 16-02-436 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

81.     On 12/10/2015, ██████████████████ entered into an agreement with MSP Recovery 15-622, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-622, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 15-12-399 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

82.     On 2/28/2017, ████████████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████

26

████████████████████████. This assignment was made pursuant to the Series 17-02-565 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

83.    On 12/10/2015, ████████████████ entered into an agreement with MSP Recovery 15-621, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-621, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████ ██. This assignment was made pursuant to the Series 15-12-398 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

84.    On 6/12/2017, ████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/20/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████. This assignment was made pursuant to the Series 17-02-554 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration

27

was given between each party in executing these assignments.

85.     On 12/10/2015, ███████████ entered into an agreement with MSP Recovery 15-624, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-624, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████.  This assignment was made pursuant to the Series 15-12-401 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

86.     On 8/12/2015, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ ██.  This assignment was made pursuant to the Series 15-08-14 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

87.     On 11/8/2016, ███████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████.  This assignment was made pursuant to the Series 16-11-524 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

88.     On 12/23/2015, xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx entered into an agreement with MSP Recovery 16-1, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 16-1, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████████.  This assignment was made pursuant to the Series 16-01-409 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

89.     On 10/29/2015, ██████████████████████ entered into an agreement with MSP Recovery 15-580, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On

6/12/2017, MSP Recovery 15-580, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████████. This assignment was made pursuant to the Series 15-10-362 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

90. On 10/9/2015, ████████████████ entered into an agreement with MSP Recovery 15-333, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery 15-333, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████. This assignment was made pursuant to the Series 15-09-293 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

91. On 12/3/2015, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████. This

assignment was made pursuant to the Series 15-12-396 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

92.    On 12/13/2016, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████.  This assignment was made pursuant to the Series 16-10-504 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

93.    On 2/2/2016, █████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████ █████████████.  This assignment was made pursuant to the Series 16-02-425 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing

these assignments.

94.     On 5/6/2016, ███████████████ entered into an agreement with MSP
Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP
law.  The assignment contract was executed by individuals of majority, of sound mind, and with
legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico
law.  By the terms of the contract, the parties are required to maintain confidentiality relating to
the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an
agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover
conditional payments under the MSP law as assigned from ████████████████.  This
assignment was made pursuant to the Series 16-05-457 agreement. This second assignment
contract was executed by individuals of majority, of sound mind, and with legal authority to bind
the respective parties.  This second assignment was entered into under Delaware law.
Consideration was given between each party in executing these assignments.

95.     On 4/16/2016, ███████████████ entered into an agreement with
MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the
MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and
with legal authority to bind the respective parties.  The assignment was entered into under Puerto
Rico law.  By the terms of the contract, the parties are required to maintain confidentiality
relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered
into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to
recover conditional payments under the MSP law as assigned from ███████████████
████.  This assignment was made pursuant to the Series 16-04-454 agreement.  This second
assignment contract was executed by individuals of majority, of sound mind, and with legal
authority to bind the respective parties.  This second assignment was entered into under
Delaware law.  Consideration was given between each party in executing these assignments.

96.     On 2/18/2016, ███████████████ entered into an agreement
with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under
the MSP law.  The assignment contract was executed by individuals of majority, of sound mind,

and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████████████ ██████.  This assignment was made pursuant to the Series 16-02-435 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

97.     On 8/13/2015, █████████████████████ entered into an agreement with MSP Recovery 200, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 200, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████████████████.  This assignment was made pursuant to the Series 15-08-21 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

98.     On 1/15/2016, ███████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP

Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████ ████████████████████. This assignment was made pursuant to the Series 16-01-413 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

99.    On 4/20/2015, ██████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████. This assignment was made pursuant to the Series 15-11-384 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

100.    On 10/29/2015, ████████████████████ entered into an agreement with MSP Recovery, 15-604 LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, 15-604 LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████. This assignment was made pursuant to the Series

15-11-383 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

101.   On 2/26/2016, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ ███.  This assignment was made pursuant to the Series 16-03-440 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

102.   On 9/21/2015, ██████████████████████ entered into an agreement with MSP Recovery 16-2, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 16-2, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████.  This assignment was made pursuant to the Series 16-01-410 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration

was given between each party in executing these assignments.

103.   On 2/22/2016, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████.  This assignment was made pursuant to the Series 16-02-439 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

104.   On 11/23/2015, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████ ███████████████.  This assignment was made pursuant to the Series 15-08-23 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

105.   On 2/18/2016, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional

payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████ ███████████████████.  This assignment was made pursuant to the Series 15-09-31 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

106.   On 7/26/2016, ███████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 16-07-481 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

107.   On 11/21/2015, ████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality

relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████████ ██. This assignment was made pursuant to the Series 16-01-420 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

108.    On 5/12/2017, ████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Ohio law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████. This assignment was made pursuant to the Series 16-11-509 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

109.    On 9/21/2015, ██████████████ entered into an agreement with MSP Recovery, 220, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 220, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned ██████████ ████████. This assignment was made pursuant to the Series 15-08-10 agreement. This

second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

110.    On 11/9/2015, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ entered into an agreement with MSP Recovery 15-608, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-608, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ▮▮▮▮▮▮▮▮▮▮▮.  This assignment was made pursuant to the Series 15-11-387 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

111.    On 11/3/2015, ▮▮▮▮▮▮▮▮▮▮▮▮▮ entered into an agreement with MSP Recovery 15-131, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-131, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ▮▮▮▮▮▮▮▮ ▮▮▮▮▮.  This assignment was made pursuant to the Series 15-11-385 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

112.    On 11/3/2015, ██████████████ entered into an agreement with MSP Recovery 15-592, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-592, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ████.  This assignment was made pursuant to the Series 15-11-371 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

113.    On 11/23/2015, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ████.  This assignment was made pursuant to the Series 15-08-25 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

114.    On 4/7/2016, ███████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By

the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████.  This assignment was made pursuant to the Series 15-09-108 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

115.    On 4/28/2015, ████████████████ entered into an agreement with MSPA Claims II, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 1/21/2016, MSPA Claims II, LLC entered into an agreement with MSP Recovery Services, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████████.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Florida law.  On 1/21/2016, MSP Recovery Services, LLC entered into an agreement with MSPA Claims 1, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████████████ and MSPA Claims II, LLC.  This third assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This third assignment was entered into under Florida law.  Consideration was given between each party in executing these assignments.

116.    On 6/25/2015, █████████████████ entered into an agreement with MSP Claims XI, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under

Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 1/21/2016, MSP Claims XI, LLC entered into an agreement with MSP Recovery Services, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████ ████.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Florida law.  On 1/21/2016, MSP Recovery Services, LLC entered into an agreement with MSPA Claims 1, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████ and MSP Claims XI, LLC.  This third assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This third assignment was entered into under Florida law.  Consideration was given between each party in executing these assignments.

117.    On 12/16/2014, ████████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 2/20/2015, MSP Recovery, LLC entered into an agreement with MSPA Claims 1, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ████████████████.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Florida law.  Consideration was given between each party in executing these assignments.

118.    On 12/3/2014, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 2/20/2015, MSP Recovery, LLC entered into an agreement with MSPA Claims 1, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Florida law.  Consideration was given between each party in executing these assignments.

119.    On 8/25/2015, ███████████████ entered into an agreement with MSPA Claims III, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 1/21/2016, MSPA Claims III, LLC entered into an agreement with MSP Recovery Services, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Florida law.   On 1/21/2016, MSP Recovery Services, LLC entered into an agreement with MSPA Claims 1, LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████. and MSPA Claims III, LLC.  This third assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This third assignment was entered into under Florida law.  Consideration was given between each party in executing these assignments.

120.    On 4/15/2014, Florida Health Care Plus, Inc. entered into an agreement with La Ley Recovery Systems, Inc., irrevocably assigning its right to recover conditional payments under the MSP law.[7]  The assignment contract was executed by individuals of majority, of sound

---

[7] Section 1.1 of the FHCP-La Ley Recovery Assignment Agreement between FHCP and La Ley Recovery provides

mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  Consideration was given between each party in executing these assignments. On 2/20/2015 Lay Ley Recovery Systems, Inc. entered into an agreement with MSPA Claims 1, LLC irrevocably assigning its right to recover conditional payments under the MSP law as assigned from , Florida Health Care Plus, Inc. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Florida law. Consideration was given between each party in executing these assignments. On 6/1/2016,  the Florida Department of Financial Services as the Receiver of Florida Heathcare Plus, Inc. on behalf of Florida Health Care Plus, Inc. entered into a Settlement Agreement with La Ley Recovery Systems, Inc., MSP Recovery, LLC, MSPA Claims 1, LLC, approving the assignment bewteen La Ley Recovery Systems, Inc. and MSPA Claims 1, LLC. Such greement confirmed the ownership of all of Florida Health Care Plus, Inc. claims relating to conditional payments under the MSP law to MSPA Claims 1, LLC, ultimately.  This Settlement Agreement was approved by the Leon County Court of Florida on 6/14/2016.

## **REPRESENTATIVE FACTS**

121.    Numerous Medicare beneficiaries were enrolled in Medicare Advantage plans administered by MAOs ("Medicare Beneficiaries").  Such MAOs have assigned their recovery rights to Plaintiffs. These Medicare Beneficiaries suffered injuries in the United States wherein Plaintiffs and the putative Class Members paid for medical services, treatment, drugs, and/or supplies.  However, the medical expenses were required to be paid by Defendant.

122.    The Medicare Beneficiaries entered into settlement agreements with Tortfeasors that were insured with Defendant after Medicare Beneficiaries and Tortfeasors were involved in accidents wherein the Medicare Beneficiaries suffered physical injures.  The medical expenses associated with such injuries were provided by Plaintiffs and the putative Class Members.

---

as follows: [b]y way of this agreement, [FHCP] appoints, directs, and otherwise assigns all of [FHCP's] rights as it pertains to the rights pursuant to any plan, State or Federal statute whatsoever directly and/or indirectly for any its members and/or plan participants.

Defendant issued payments following the settlements between the Medicare Beneficiaries and Torfeasors.  These settlement payments demonstrated Defendant's responsibility to reimburse Plaintiffs and the putative Class Members under the Medicare Act for the medical expenses of the Medicare Beneficiaries that arose out of the accidents between the Medicare Beneficiaries and Tortfeasors insured by Defendant.  As such, Defendant, the primary payers, were required to make appropriate reimbursement for the conditional Medicare benefits advanced by Plaintiffs and the putative Class Members on behalf of the Medicare Beneficiaries.  Defendant failed to pay or reimburse the Medicare Beneficiaries' MAOs for the payments made by the MAOs that were required to be paid by Defendant as a result of the Medicare Beneficiaries' injuries.

123.    The MAOs, Full Risk Payers and/or their assignee(s) suffered a monetary injury because of Defendant's failures to pay or otherwise reimburse the MAOs, Full Risk Payers and/or their assignee(s).

124.    The basis of allegations in paragraphs 1 – 46 stem from Plaintiffs' review of claims data.  Plaintiffs have identified settlements which followed incidents involving Plaintiffs' beneficiaries and Defendant's insureds (Tortfeasors) where Plaintiffs' beneficiaries sustained injuries that required medical treatment. Such medical treatment was provided by Plaintiffs' MAOs. When Tortfeasors and Medicare Beneficiaries entered into settlements to resolve claims made against Tortfeasors, Defendant indemnified its insured Tortfeasors by making settlement payments. The data reviewed by Plaintiffs indicates that Defendant never reimbursed Plaintiffs' MAOs for the medical treatments after Defendant advanced payments as part of the settlement agreements with the Medicare Beneficiaries.

125.    And, based on the nature of the medical treatments and Defendant's failure to reimburse Plaintiffs' MAOs for those medical expenses, the data supports the good-faith allegation that Defendant's failure to reimburse medical expenses as primary payers is widespread and systematic. In fact, Defendant has a practice and course of conduct to not properly pay and/of fail to reimburse the secondary payer, such as Plaintiffs and the Class Members following settlements with Medicare Beneficiaries. Full details of those settlements are

45

in Defendant's possession and will be located and assessed through the process of discovery.

126.    For the purposes of alleging a plausible claim under Fed. R. Civ. P. 8, Plaintiffs are not required to plead with particularity any specific medical treatment(s) that was not reimbursed by Defendant, i.e., the who, what, where, and when. That sort of information is, by definition, only required for claims involving fraud or deceit. *See* Fed. R. Civ. P. 9(b). And, considering the factual allegations regarding claims and settlements were located using various databases and claims data, there are sufficient alleged facts to support the elements of a claim under the Medicare Secondary Payer laws.

127.    That said, for the purposes of illustration alone, and subject to the collection of additional data through discovery, Plaintiffs allege the following representative claim involving payments for medical services that Defendant was primarily responsible for.  On January 6, 2014, Mr. I.R. was injured in an accident by an individual or an insured under Defendant's insurance policy. Mr. I.R.'s medical expenses were subsequently paid by ███████████ ████████████████ whose right to recover under the MSP Act has been assigned to Plaintiffs. [See Exhibit A, Representative Claim's Assignments]. Following Mr. I.R.'s claim against Defendant's insured, Defendant indemnified its insured Tortfeasor and made payments pursuant to a settlement of Mr. I.R.'s claims.  However, Defendant did not pay or reimburse Plaintiffs' MAO for Mr. I.R.'s medical expenses within the requisite time frame, as required by a primary payer.  Thus, as a matter of law, Defendant is liable for double damages.

**CLASS DEFINITION**

128.    The putative class is defined as:

All non-governmental organizations, and/or their assignees that provide benefits under Medicare Part C, in the United States of America and its territories, who made payments for medical items and services on behalf of their beneficiaries between 2011 and 2017 (the "Class Period") for which Defendant has not reimbursed in full or part after Defendant entered into settlements with Medicare Beneficiaries enrolled in a Medicare Advantage Plan.

This class definition excludes (a) Defendant, its officers, directors, management, employees, subsidiaries, and affiliates; and (b) any judges or justices involved in

this action and any members of their immediate families.

## CAUSE OF ACTION

129.   Defendant failed to appropriately reimburse Class Members after entering into settlements with Medicare Beneficiaries whose Medicare plans were administered by a Class Member.

130.   The Class Members advanced Medicare payments on behalf of their beneficiaries for medical treatment and/or supplies for which Defendant was responsible as primary payer. Defendant was primarily responsible by virtue of entering into settlements with Medicare beneficiaries enrolled in a Medicare Advantage plan administered by a Class Member. Class Members paid for the beneficiaries' Medicare Services when Defendant had the primary obligation to do so.  Accordingly, Plaintiffs seek damages on behalf of themselves and similarly situated MAOs and their assignees for Defendant's violations of the MSP provisions.

## COUNT I
### Private Cause of Action Under 42 U.S.C. § 1395y(b)(3)(A)

131.   Plaintiffs incorporates by reference paragraphs 1-130 of this Complaint.

132.   Plaintiffs assert a private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) on behalf of themselves and all similarly-situated MAOs.

133.   The elements of a cause of action under 42 U.S.C. § 1395y(b)(3)(A) are: (1) the Defendant was primary payer for medical expenses covered by Medicare; (2) the Defendant did not make the primary payment or reimburse the Medicare benefit provider for its payment; and (3) damages.

134.   Defendant entered into settlement agreements with Medicare Beneficiaries and Medicare Part C beneficiaries enrolled in the Class Members' plans and whose Medicare Services were paid for by the Class Members, including entities that assigned their recovery rights to Plaintiffs, *i.e.*, those entities "that provide Medicare benefits to Medicare beneficiaries for medical services, treatment, and/or supplies under Medicare Part C."

135.   Accordingly, in each case Defendant was the primary payer for all Medicare Services instead of Plaintiffs and the Class Members.

136.   In this case, Defendant failed to administratively appeal the MAOs' right to reimbursement within the administrative remedies period on a class wide basis. Defendant, therefore, is time-barred from challenging the propriety of reimbursement or the amounts paid.

137.   Instead, the Class Members and entities that have assigned their recovery rights to Plaintiffs paid for those items and services as part of providing Medicare benefits.

138.   Those payments were conditional since the Defendant was, by law, the primary payer under the MSP provisions.  Pursuant to the MSP provisions, Defendant is required to reimburse Class Members for payments when responsibility is demonstrated through the Defendant's settlements with Medicare Beneficiaries enrolled in Medicare Advantage plans administered by the Class Members.

139.   Failure to reimburse Plaintiffs and the Class Members for making payments has enabled Defendant to circumvent its responsibilities under the MSP provisions.

140.   Defendant has derived substantial profit by placing the burden of financing medical services and/or supplies squarely on the shoulders of MAOs when Defendant was obligated to reimburse MAOs for such medical expenses by virtue of entering into settlements with Medicare Beneficiaries.

141.   Pursuant to 42 U.S.C. § 1395y(b)(3)(A), Plaintiffs and the Class Members are entitled to double damages from Defendant due to: 1) Defendant's failure to provide primary payment for medical expenses incurred by Medicare beneficiaries; and 2) Defendant's failure to appropriately reimburse Plaintiffs or Class Members who instead paid for such medical expenses.

<u>**CLASS REPRESENTATION ALLEGATIONS**</u>

**FEDERAL RULE OF CIVIL PROCEDURE 23 REQUIREMENTS**

**I.    Damages Relief Class**

142.   Plaintiffs bring this suit both individually and, in accordance with Federal Rule of

Civil Procedure 23, on behalf of all Class Members or their assignees who paid for their beneficiaries' medical expenses, when Defendant should have made those payments as primary payer and should have reimbursed the Class Members.

143.    As discussed in this class action Complaint, Defendant failed to provide primary payment and/or appropriately reimburse the Class Members for money they were statutorily required to pay under the MSP provisions.  This failure to reimburse applies to Plaintiffs, as the rightful assignees of those organizations that assigned their recovery rights to Plaintiffs, and to all Class Members.  Class action law has long recognized that, when a company engages in conduct that has uniformly harmed a large number of claimants, class resolution is an effective tool to redress the harm.  This case, thus, is well suited for class-wide resolution.

144.    Class Members have been unlawfully burdened with paying for the medical costs of their beneficiaries when the law explicitly requires Defendant to make such payments.  The Medicare Act and its subsequent amendments were constructed to ensure an efficient and cost-effective system of cooperation and communication between primary and secondary payers.  Defendant's failure to reimburse Plaintiffs and Class Members runs afoul of the Medicare Act and has directly contributed to the ever-increasing costs of the Medicare system.

145.    Federal Rule of Civil Procedure 23(a) states that a plaintiff may sue as a representative party on behalf of a class, if it establishes that:

    a.   the class is so numerous that joinder of all members is impracticable;

    b.   there are questions of law or fact common to the class;

    c.   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    d.   the representative party will fairly and adequately protect the interests of the class.

146.    The Class is properly brought and should be maintained as a class action under Rule 23(a), because the class action prerequisites of numerosity, commonality, typicality, and adequacy shown as follows:

    a.   **Numerosity**:  Joinder of all members is impracticable. Upon information and

belief, the Class is comprised of hundreds of MAOs or their assignees throughout
the United States who were not reimbursed by Defendant after Defendant entered
into a settlement with a Medicare beneficiary enrolled in a Medicare Advantage
plan administered by an MAO.  Thus, Plaintiffs and the Class satisfy the numerosity
requirement.

b. **Commonality**:  Plaintiffs and the Class Members have claims that raise common
questions of law and fact. This is an action where the Plaintiffs and individual Class
members have claims that are based on the same theory of recovery (that is, that
they are entitled to reimbursement from Defendant for payments made on behalf
their Enrollees). Each Class Member, including Plaintiffs, possess the same rights
to recover under the MSP Law. See 42 U.S.C. §§ 1395w-22(a)(4), 1395y(b)(2),
1395y(b)(3)(A); 42 C.F.R. § 422.108(f). Plaintiffs' claim arises from the same
practice or course of conduct that gave rise to the Class Members' claims.
Specifically, Defendant's misconduct was directed at all Class Members, their
affiliates, and those respective organizations that contracted with CMS and were
identified as "secondary payers" by Medicare Part C.  Defendant failed to make
reimbursement payments, report settlements involving Medicare Beneficiaries, and
ensure that Medicare remained a secondary payer, as a matter of course.  Thus, all
Class Members have common questions of fact and law, *i.e.*, whether Defendant
failed to comport with their statutory duty to pay or reimburse MAOs pursuant to
the MSP provisions.  Each Class Member shares the same needed remedy, *i.e.*,
reimbursement.   Plaintiffs seek to enforce their own rights, as well as the
reimbursement rights of the Class Members, for medical payments made on behalf
of their Medicare Part C enrollees, as a result of Defendant's practice and course of
conduct in failing to make primary payment or properly providing appropriate
reimbursement.

c. **Typicality**:  Plaintiffs' claims are typical for the Class, because Plaintiffs and the

Class Members have the right to the same relief arising from the same course of conduct, *i.e.*, failure to make payment and failure to reimburse MAOs. Plaintiffs' claims are, therefore, typical of the Class.

> d. **Adequacy**: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' interests in vindicating these claims are shared with all members of the Class and there are no conflicts between the named Plaintiffs and the putative Class Members. In addition, Plaintiffs are represented by counsel who are competent and experienced in class action litigation and have no conflicts.

147.    In addition to satisfying Rule 23(a), Plaintiffs also satisfy the requirements of Fed. R. Civ. P. 23(b)(3). Questions of law or fact common to the Plaintiffs' and Class Members' claims predominate over any questions of law or fact affecting only individual Class Members of the Class ("Damages Class"). Defendant, whether deliberately or not, failed to make required payments under the MSP provisions and failed to reimburse Class Members and those organizations that assigned their recovery rights to Plaintiffs, thus depriving both Plaintiffs, as assignee of the right to recovery, and Class Members of their statutory right to payment and reimbursement.

148.    Further, the common questions in this case are susceptible to generalized, class-wide proof using Plaintiffs' software (the "System"). Plaintiffs implemented a methodology to capture, compile, and synthesize large amounts of data to identify claims class-wide. This system captures data from different sources to identify instances where MAOs or their assigns are entitled to reimbursement.

149.    A class action is superior to individual actions, in part, because of the following, non-exhaustive list of factors:

> a. Individual joinder of all Class Members would impose exteme hardship and inconvenience on them, because they do business all over the nation;

> b. Individual claims by Class Members are impracticable because the cost of pursuing an individual claim could exceed its value. As a result, individual Class Members

have no interest in prosecuting and controlling separate actions;

    c.   There are no known Class Members who are interested in individually controlling the prosecution of separate actions;

    d.   The interests of justice will be served be resolving the common disputes of all Class Members in one forum;

    e.   Judicial and party resources will be conserved by resolving the common disputes of all Class Members in one forum;

    f.   Individual claims would not be cost effective or economically feasible to pursue through individual actions; and

    g.   The action is manageable as a class action.

150.    Ascertaining and administering the proposed Damages Class will be relatively simple. The Defendant has entered into settlement agreements with claimants who are also Medicare beneficiaries.   Once the data identifying these settlement agreements is compiled and organized, Plaintiffs can determine which of the claimants were Medicare beneficiaries at the time of those settlements.  Then, using the database, Plaintiffs and the Class Members can identify those payments for medical treatment and/or supplies where (1) Defendant was primarily obligated to make payment and (2) Defendant failed to reimburse the MAO for making payment.  Indeed, two Florida state classes were recently certified in *MSPA Claims 1, LLC v. Ocean Harbor Cas. Ins.*, Case No. 2015-1946 CA-01 (Fla. 11th Jud'l Cir. Ct. Feb. 2, 2017) and *MSPA Claims 1, LLC v. IDS Property Casualty Ins. Co.*, Case No. 2015-27940 CA-01 (Fla. 11th Jud'l Cir. Ct. Apr. 20, 2017) using the same methodology.

## JURY TRIAL DEMAND

151.    Plaintiffs demand a trial by jury on all the triable issues within this pleading.

## PRAYER FOR RELIEF

152.    WHEREFORE, Plaintiffs, individually and on behalf of the Class Members described herein, respectfully requests that this Honorable Court:

a. find that this action satisfies the prerequisites for maintenance of a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and/or (c)(4), and certify the respective Classes;

b. designate Plaintiffs as the representative for the respective Classes and Plaintiffs' undersigned counsel as Class Counsel for the respective Classes; and

c. issue a judgment against Defendant that:

    i. grants Plaintiffs and the Class Members a reimbursement of double damages for those moneys the Class is entitled to under 42 U.S.C. § 1395y(b)(3)(A);

    ii. grants Plaintiffs and the Class Members pre-judgment and post-judgment interest consistent with the statute; and

    iii. grants Plaintiffs and the Class Members such other and further relief as the Court deems just and proper under the circumstances.

Dated: November 30, 2017        Respectfully Submitted,

**MSP Recovery Law Firm**
*Counsel for Plaintiffs*
5000 S.W. 75th Avenue, Suite 400
Miami, Florida 33155
Telephone: (305) 614-2239

By: */s/ Frank C. Quesada*
Frank C. Quesada, Esq., Fla. Bar No. 29411
E-mail: serve@msprecovery.com
       fquesada@msprecovery.com

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of this motion was electronically filed with the Clerk of the Court *via* CM/ECF on this <u>30th</u> day of November, 2017. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either *via* transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*/s/ Frank C. Quesada*